59 F.3d 178
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Herbert KREIDER, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
[1] Defendant-Appellee.
 No. 94-7168.
 United States Court of Appeals, Tenth Circuit.
 July 5, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Herbert Kreider appeals the district court's affirmance of the decision by the Secretary of Health and Human Services (Secretary) denying his application for social security disability benefits. Because the Secretary's decision was not supported by substantial evidence, and because legal errors occurred, we reverse and remand this case for further proceedings.
 
 
 3
 Mr. Kreider applied for disability benefits on February 19, 1992, alleging an inability to work due to glaucoma and high blood pressure. After a hearing, the administrative law judge (ALJ) concluded that Mr. Kreider's impairments did not meet or equal a listed impairment, and that he retained the ability to perform a significant number of jobs in the economy. The Appeals Council denied review, making the ALJ's decision the final decision of the Secretary.
 
 
 4
 We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We may neither reweigh the evidence nor substitute our judgment for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 5
 Mr. Kreider argues that the Secretary's decision is not supported by substantial evidence because the ALJ (1) failed to consider evidence of his visual field defects; (2) disregarded his treating physician's opinion regarding the severity of his visual field defects; (3) failed to include such defects in a hypothetical to the vocational expert; (4) failed to consult with a medical advisor to interpret the visual test results; (5) failed to inquire into Mr. Kreider's alcoholism; and (6) relied on vocational testimony that did not match the information found in the Dictionary of Occupational Titles.
 
 
 6
 In October 1991, Mr. Kreider was diagnosed as suffering from glaucoma by his treating physician, Dr. Wiggins. Because glaucoma often constricts a patient's peripheral fields of vision, Dr. Wiggins administered a Humphrey central 24-2 threshold test in January 1992. Using a sophisticated procedure called automated static perimetry, this test mapped Mr. Kreider's ability to see stimuli at fifty-six locations in each eye. R. Vol. II at 115-16; see generally, Douglas R. Anderson, Automated Static Perimetry 70-75 (1992). The test revealed that Mr. Kreider's visual fields were severely constricted, see id. at 78-87; R. Vol. II at 159. Dr. Wiggins also tested Mr. Kreider's visual acuity, concluding that, with correction, his vision at the point of fixation was 2030 in the right eye and 20/40 in the left. R. Vol. II at 159.
 
 
 7
 In May 1992, Mr. Kreider was examined by consulting physician Dr. Schwartz, who, using a gross confrontation test, found claimant's fields of vision to be normal. Dr. Schwartz reported that Mr. Kreider had 111 of remaining peripheral visual field in his right eye, and 100 in his left eye. Id. at 121. There is no indication that Dr. Schwartz reviewed the results of Mr. Kreider's Humphrey central 24-2 threshold test.
 
 
 8
 In June 1992, Mr. Kreider underwent a full field 120-point screening test at the Veterans Administration. This second automated perimeter test also revealed severe visual field defects, mapping portions of the eye which could or could not see the stimuli. Mr. Kreider was unable to see three-fourths of the points tested. Id. at 131-32; see also Automated Static Perimetry at 166-68.
 
 
 9
 Based on the Humphrey central 24-2 threshold test results and his treatment of Mr. Kreider, Dr. Wiggins opined that his patient had "severe visual field defect[s]." R. Vol. II at 159. The ALJ rejected this conclusion, accepting instead the findings and conclusion of consulting physician Schwartz. Mr. Kreider contends this was error.
 
 
 10
 A treating physician's opinion about the nature and severity of his patient's impairments, including the patient's symptoms, diagnosis, prognosis, and restrictions, will be given controlling weight if it is well-supported by clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. 404.1527(d)(2); Castellano, 26 F.3d at 1029. The Secretary must give specific, legitimate reasons for disregarding the treating physician's medical opinion. See Williams v. Bowen, 844 F.2d 748, 758 (10th Cir.1988).
 
 
 11
 Here, the ALJ gave no reason for rejecting Dr. Wiggins' assessment of the severity of Mr. Kreider's visual field defects. Instead, he seized on consulting physician Schwartz's finding that Mr. Kreider retained a wide visual field, without discussing the fact that Dr. Schwartz's findings were derived from a basic manual test rather than the more sophisticated mapping procedures employed by Dr. Wiggins and the Veterans Administration. Moreover, a treating physician's opinion is afforded more weight than that of a physician who merely examines the claimant on one occasion. Washington v. Shalala, 37 F.3d 1437, 1441 (10th Cir.1994). Because the ALJ did not give a legitimate reason for rejecting Dr. Wiggins' opinion, the Secretary's decision is not supported by substantial evidence.
 
 
 12
 Further, the ALJ's discussion of whether Mr. Kreider met the listings does not demonstrate an understanding of how to assess the visual field data from the Humphrey central 24-2 threshold test or the 120-point full field test. The regulations provide a formula for determining a claimant's visual field efficiency, by adding the extent of the claimant's visual fields over eight meridians and dividing by 500. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 2.00 Table No. 2. At first blush, it appears that Mr. Kreider's perimeter tests may place him within the listings, especially when his reduced visual acuity is considered under 2.04. Such a determination, however, must be made in the first instance by a finder of fact upon a properly developed record. The case must be remanded, therefore, for further proceedings. Under these circumstances the aid of an impartial medical advisor might be helpful. See, e.g., Richardson v. Perales, 402 U.S. at 408 (approving the use of a neutral medical advisor to explain the technique and significance of electromyography "in terms understandable to the layman-examiner").
 
 
 13
 In addition, the ALJ's failure to include Mr. Kreider's visual field defects in the hypothetical posed to the vocational expert undermined the expert's opinion. " '[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.' " Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir.1991)(quoting Ekeland v. Bowen, 899 F.2d 719, 722 (8th Cir.1990)).
 
 
 14
 We need not address Mr. Kreider's argument regarding the discrepancy between the vocational expert's opinion and the Dictionary of Occupational Titles. In light of Mr. Kreider's testimony that he no longer drinks alcohol, R. Vol. II at 56, 58, the ALJ did not fail to develop the record by crediting the claimant's testimony.
 
 
 15
 The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED and the case is REMANDED for further proceedings.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470